James R. Hawkins (SBN 192925)
Christina M. Lucio (SBN 253677)
**JAMES HAWKINS APLC**
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
james@jameshawkinsaplc.com
christina@jameshawkinsaplc.com

Attorneys for Plaintiff EDUAR MITCHELL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUAR MITCHELL, individually,<br><br>Plaintiff,<br>v.<br><br>MANAGEMENT & TRAINING CORPORATION, a Delaware Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:23-cv-04536-AB-JC<br><br>**COMPLAINT**<br><br>*Assigned for All Purposes To:*<br>Hon. Andre Birotte Jr.<br>Courtroom 7B<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1)   **Failure to Pay Minimum Wages;**<br><br>2)   **Failure to Pay Overtime Owed;**<br><br>3)   **Failure To Provide Lawful Meal Periods;**<br><br>4)   **Failure To Authorize And Permit Rest Periods;**<br><br>5)   **Failure to Timely Pay Wages During Employment**<br><br>6)   **Failure to Timely Pay Wages Owed Upon Separation From Employment;**<br><br>7)   **Failure to Reimburse Necessary Expenses;**<br><br>8)   **Knowing and Intentional Failure to Comply with Itemized Wage Statement Provisions;**<br><br>9)   **Violation of the Unfair Competition Law;** |

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff EDUAR MITCHELL ("Plaintiff"), individually, and asserts claims against Defendants MANAGEMENT & TRAINING CORPORATION, a Delaware Corporation, and DOES 1-50, inclusive (collectively "Defendants" or "Rich Holdings") as follows:

## INTRODUCTION

1.      The purpose of this amendment is to remove the class action allegations and to reflect. the impact of the prior settlement in *Sheppard v. Management & Training Corporation,* Imperial Case No. ECU001940.

2.      In this action, Plaintiff alleges that he was misclassified as an exempt employee during his employment (in approximately 2021), until he was reclassified in 2022.

3.      Defendants implemented uniform policies and practices that deprived Plaintiff of earned wages, including minimum wages; straight time wages; overtime wages; premium wages; lawful meal and/or rest breaks; reimbursement for necessary expenses; and timely payment of wages.

4.      Such actions and policies, as described above and further herein, were and continue to be in violation of the California Labor Code.  Plaintiff brings this action pursuant to the California Labor Code, including sections 201, 202, 203, 204, 218.5, 218.6, 221-224, 226, 226.3, 226.7, 245-249, 510, 512, 516, 558, 1174, 1194, 1194.2, 1195, 1197, 1198, 2802, applicable IWC California Wage Orders and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid wages, unpaid meal and rest period compensation, unreimbursed expenses, penalties, liquidated damages, and reasonable attorneys' fees and costs.

5.      Plaintiff, pursuant to Business and Professions Code sections 17200-17208, also seeks restitution from Defendants for their failure to pay to Plaintiff all of their wages, including overtime and premium wages.

## JURISDICTION AND VENUE

6.      The monetary damages and restitution sought by Plaintiff exceeds the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

7.      This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts.  The statutes under which this action is brought do not give jurisdiction to any other court.

8.      This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.

9.      This Court has jurisdiction over Defendants because, upon information and belief, each Defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over them by the California Courts consistent with traditional notions of fair play and substantial justice.  Defendants have done and are doing business throughout California and Los Angeles County.

10.      The unlawful acts alleged herein have a direct effect on Plaintiff within Los Angeles County.

11.      There is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, the California Code of Civil Procedure, the California Civil Code, and the California Business and Professions Code.

12.      Venue is proper in this Court because one or more of the Defendants reside, transact business, or have offices in this County, Plaintiff is a resident of this County, and the acts or omissions alleged herein took place in this County.

13.      Defendant has removed this action to the federal court.  Plaintiff reserves all rights.

**PARTIES**

14.     Defendant Management & Training Corporation is a Delaware corporation, doing business in the state of California.   It is based at 500 N Marketplace Drive, Centerville, UT 84014.

15.     Upon information and belief, Defendant employs Non-Exempt Employees, like Plaintiff, throughout the State of California.

16.     Plaintiff Eduar Mitchell is and during the liability period has been, a resident of California.

17.     Plaintiff was employed in an hourly, non-exempt position by Defendants during the relevant time period.

18.     Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of Defendants' officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

19.     The true names and capacities of Defendants, whether individual, corporate, associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue Defendants by such fictitious names under Code of Civil Procedure § 474.   Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

20.     Plaintiff is informed and believes, and thereon allege, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

21.     Plaintiff is further informed and believes, and thereon allege, that at all times material herein, each Defendant was completely dominated and controlled by its co-Defendants and each was the alter ego of the other.  Whenever and wherever reference is made in this complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and severally.  Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint, but were employees and/or agents of Defendants, such individuals, at all relevant times acted on behalf of Defendants named in this complaint within the scope of their respective employments.

## FACTUAL ALLEGATIONS

22.     During the relevant time frame, Defendants compensated Plaintiff as a salaried employee.

23.     Plaintiff alleges that he was misclassified as exempt from overtime, and the protections of the Labor Code and the Wage Order.

24.     Plaintiff has been a non-exempt employee within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California Wage Orders.  He is subject to the protections of the IWC Wage Orders and the Labor Code.

25.     During the relevant time, Plaintiff was employed by Defendants as a salaried exempt employee in the position of Residential Supervisor at facilities in the State of California.

26.     Plaintiff worked in excess of 5 days per week, and approximately 45-60 hours per week.

27.     Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment

AMENDED COMPLAINT

laws.

28.   Plaintiff was paid a salary as he was treated as exempt from overtime and the provisions of the wage order.

29.   Plaintiff was misclassified as exempt because he did not satisfy the requirements for exemption under California law. He did not meet both the salary test and the job duties test, as he was not "primarily engaged in the duties that meet the test of the exemption, customarily and regularly exercise[] discretion and independent judgment in performing those duties, and earn[] a monthly salary equivalent to no less than two times the state minimum wage for full-time employment."

30.   Plaintiff estimates that he spent substantially over 51% of his working hours engaged in non-exempt duties such as monitoring students and working in the actual operations of the residential facilities where he worked.  These are non-exempt duties.

31.   Accordingly, Plaintiff was not paid at least minimum wage for each hour worked, was not paid overtime, and was not lawfully provided meal and rest periods in violation of the Labor Code and Wage Order.

32.   Plaintiff was not paid for all hours worked because he was required to work hours before and after his shift, his hours were rounded, and he was required to perform duties while off the clock.

33.   By way of example only, Plaintiff was required to go through COVID-19 screenings prior to starting their shifts.

34.   By way of further example, Plaintiff was regularly required to complete other work-related activities pre-shift before clocking in and post-shift after clocking out.   For instance, Plaintiff was required to and engage in work-related communications while off the clock, often using his personal cellular phone.

35.   Moreover, Defendants performed security checks before Plaintiff

clocked in at the beginning of his shifts.

36.     In addition, because Plaintiff was misclassified as exempt, he was not paid overtime in accordance with the law.

37.     Plaintiff worked in excess of eight (8) hours in day and/or over forty (40) hours in a workweek, but was not properly paid for such time at a rate of time and one-half the employee's regular rate of pay per hour.

38.     Because Plaintiff was misclassified as exempt, Defendants did not prioritize the provision of meal and rest breaks to Plaintiff.

39.     Plaintiff was regularly required to work shifts in excess of five hours without being provided a lawful meal period and, on occasion, over ten hours in a day without being provided a second lawful meal period as required by law.

40.     As a consequence of Defendants' staffing and scheduling practices, work demands, and policies and practices, Defendants frequently failed to provide Plaintiff timely, legally complaint uninterrupted 30-minute meal periods as required by law. Not only were Plaintiff's first meal breaks frequently not provided, untimely or short, but also Plaintiff was not provided a second meal period when working shifts in excess of 10 hours.

41.     Despite the above-mentioned meal period violations, Defendants failed to pay Plaintiff one additional hour of pay at his regular rate as required by California law when meal periods were not timely or lawfully provided in a compliant manner.

42.     Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff was entitled to receive accurate premium wages under Labor Code §226.7 but were not receiving accurately calculated compensation.

43.     In addition, during the relevant time frame, Plaintiff was systematically not authorized and permitted to take one net ten-minute paid, rest period for every four hours worked or major fraction thereof, which is a violation of the Labor Code

and IWC Wage Orders.

44.     Plaintiff was required to engage in work related activities during purported meal and rest periods.  Meal and rest periods were frequently interrupted as a consequence.

45.     Plaintiff was also required to carry work-related walkie-talkies or other communications devices during meal and rest periods and was required to remain available.  Rest periods were frequently interrupted as a consequence.

46.     Defendants maintained and enforced staffing and scheduling practices, policies, and imposed work demands that frequently required Plaintiff to forego his lawful, paid rest periods of a net ten minutes for every four hours worked or major fraction thereof.   Such requisite rest periods were not timely authorized and permitted.

47.     Despite the above-mentioned rest period violations, Defendants did not compensate Plaintiff one additional hour of pay at their regular rate as required by California law, including Labor Code section 226.7 and the applicable IWC Wage Orders, for each day on which lawful rest periods were not authorized and permitted.

48.     Plaintiff was also required to use his personal cellular phones for work related purposes throughout the working day and while off the clock.

49.     Moreover, Plaintiff was required to incur necessary expenses in the discharge of his duties, including without limitation for cell phone expenses, but was not reimbursed for such necessary expenses.

50.     Defendants also failed to provide accurate, lawful itemized wage statements to Plaintiff in part because of the above specified violations.

51.     Defendants have also made it difficult to determine applicable rates of pay and account with precision for the unlawfully withheld wages and deductions due to be paid to Plaintiff during the liability period because they did not implement and preserve a lawful record-keeping method to record all hours worked, and non-

provided rest and meal periods owed to employees as required for non-exempt employees by 29 U.S.C. section 211(c), California Labor Code section 226, and applicable California Wage Orders.

52.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that at the time of termination of employment (or within 72 hours thereof for resignations without prior notice as the case may be) they had a duty to accurately compensate Plaintiff for all wages owed including straight time, overtime, meal and rest period premiums, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so in part because of the above-specified violations.

53.     Plaintiff is covered by applicable California IWC Wage Orders and corresponding applicable provisions of the California Code of Regulations, Title 8, section 11000 *et seq.*

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

**(By Plaintiff All Defendants)**

54.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

55.     Labor Code section 204 establishes the fundamental right of all employees in the State of California to be paid wages, including minimum wage, straight time and overtime, in a timely fashion for their work.

56.     Labor Code section 1194(a) provides that notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

57.   Labor Code section 1197 provides:  The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful.

58.   Pursuant to Labor Code section 1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

59.   The applicable Wage Orders and California Labor Code sections 1197 and 1182.12 establish the right of employees to be paid minimum wages for all hours worked, in amounts set by state law.

60.   Labor Code sections 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal minimum wage as required by Labor Code section 1197 may recover the unpaid balance together with attorneys' fees and costs of suit, as well as liquidated damages in an amount equal to the unpaid wages and interest accrued thereon.

61.   During all relevant periods, the California Labor Code and Wage Orders required that Defendants fully and timely pay its non-exempt, hourly employees all wages earned and due for all hours worked.

62.   The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

63.   Plaintiff was misclassified as exempt and was not paid at least minimum wage for each hour worked.  Plaintiff was required to work off the clock.

64.   By way of example only, Plaintiff was required to perform pre/post activities off the clock, including but not limited to COVID-19 screenings, security checks, and work-related communications.

65.   Moreover, Defendants unlawfully rounded the hours worked by Plaintiff, and modified employee time clock records to deduct time from hours

worked and underpay employees.

66.     Plaintiff is informed and believes that Defendants were aware that Plaintiff was misclassified and should have been paid for all hours worked.

67.     Defendant's policy and practice of not paying all minimum wages violates California Labor Code sections 204, 210, 216, 558, 1182.12, 1194, 1197, 1197.1, 1198, and the applicable Wage Orders 4-2001 and 5-2001.

68.     Due to Defendants' violations of the California Labor Code and Wage Orders, Plaintiff is entitled to recover from Defendant his unpaid wages, statutory penalties, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, as well as liquidated damages.

## SECOND CAUSE OF ACTION
## <u>FAILURE TO PAY OVERTIME OWED</u>
### (By Plaintiff Against All Defendants)

69.     Plaintiff incorporates each and every allegation set forth in all of the foregoing paragraphs as if fully set forth herein.

70.     During all relevant periods, Defendant misclassified Plaintiff as exempt from overtime requirements.

71.     Defendant required Plaintiff to work shifts and/or remain on call in excess of eight (8) hours per workday and/or to work in excess of forty (40) hours per workweek.

72.     During all relevant periods, both the California Labor Code sections 1194, 1197, 510, 1198, and the pertinent Wage Orders 4-2001 and 5-2001 required that all work performed by an employee in excess of eight (8) hours in any workday, on the seventh day of work in any workweek, or in excess of forty (40) hours in any workweek be compensated at one and one-half (1.5) times the employee's regular rate of pay.  Any work in excess of twelve (12) hours in one (1) day is required to be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight (8) hours on any seventh (7th) day of a

AMENDED COMPLAINT

workweek is required to be compensated at the rate of no less than twice the regular rate of pay of an employee.

73. During all relevant periods, Defendants had a uniform policy of requiring Plaintiff to work and/or remain on call in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek without compensating them at a rate of one and one-half (1.5) times their regular rate of pay, or paying double time as required by statute.

74. The IWC Wage Orders define "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

75. At all times relevant, Plaintiff consistently worked hours for which they were not properly paid because Plaintiff was required to work off the clock—some of these hours were over eight (8) hours in one (1) workday or in excess of forty (40) hours in a workweek and should have been paid at the overtime rate.

76. Plaintiff is informed and believes that Defendants were aware that Plaintiff was working off the clock and that he should have been paid for this time.

77. Plaintiff is informed and believes that Defendants were aware that Plaintiff was misclassified and that he should have been paid overtime in accordance with Labor Code section 510 and the Wage Order.

78. As a result, Defendants failed to pay Plaintiff earned overtime wages that were not paid and has suffered damages as a result.

79. Defendants knew or should have known Plaintiff was undercompensated as a result of these practices.

80. Due to Defendant's violations of the California Labor Code, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, reasonable attorneys' fees and costs in this action, and pre-judgment and post-judgment interest, statutory penalties, and liquidated damages.

### THIRD CAUSE OF ACTION
### <u>FAILURE TO PROVIDE LAWFUL MEAL PERIODS</u>
### (By Plaintiff Against All Defendants)

81.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

82.   Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee.

83.   Defendants failed to provide Plaintiff timely and uninterrupted first meal periods of not less than thirty (30) minutes within the first five hours of a shift, and failed to provide second meal periods on shifts of over ten hours.

84.   As a consequence of Defendants' misclassification, policies and practices, requirements, demands, coverage and staffing, Plaintiff was often required to forego such meal periods, take shortened meal periods, and/or commence their meal periods into and beyond the sixth hour of their shifts.

85.   Further, Plaintiff was required to carry communications tools/walkie-talkies during purported meal periods and remain available.

86.   Upon information and belief, Plaintiff was not paid one hour of pay at their regular rate for each day that a meal period was not lawfully provided.

87.   As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount according to proof at time of trial.

88.   Pursuant to <u>Labor Code</u> § 226.7, Plaintiff is entitled to recover one (1) hour of premium pay for each day in which a meal period violation occurred.  He is also entitled to recover reasonable attorneys' fees, cost, interest, and penalties as applicable.

89.    As a result of the unlawful acts of Defendants, Plaintiff has been deprived of premium wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, 512 and the applicable IWC Wage Orders, and Civil Code section 3287.

**FOURTH CAUSE OF ACTION**

**FAILURE TO AUTHORIZE AND PERMIT LAWFUL REST PERIODS**

**(By Plaintiff Against All Defendants)**

90.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

91.    Pursuant to the IWC Wage Orders applicable to Plaintiff's employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages."

92.    Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

93.    Defendants were required to authorize and permit employees such as Plaintiff to take rest periods during shifts in excess of 3.5 hours, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours worked, or major fraction thereof, with no deduction from wages.

94.    Despite said requirements of the IWC Wage Orders applicable to Plaintiff's employment with Defendants, Defendants failed and refused to authorize and permit Plaintiff to take lawful, net ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof.  Such rest breaks, when provided, were

AMENDED COMPLAINT

frequently untimely or less than net ten minutes because of the work requirements imposed by Defendants.

95.    Further, Plaintiff was not allowed to leave the premises during rest periods and was required to carry communications tools/walkie-talkies during purported rest periods and remain available.

96.    Defendants did not pay Plaintiff one additional hour of pay at his regular rate of pay for each day that a rest period violation occurred as required by law.

97.    By their failure to authorize and permit Plaintiff to take a lawful, net ten (10) minute rest period free from work duties every four (4) hours or major fraction thereof worked, including failure to provide two (2) total rest periods on six to ten hour shifts and three (3) total ten (10) minute rest periods on days on which Plaintiff worked in excess of ten (10) hours, and by their failure to provide compensation for such unprovided rest periods as alleged herein, Defendants willfully violated the provisions of Labor Code sections 226.7 and the applicable IWC Wage Order(s).

98.    As a result of the unlawful acts of Defendants, Plaintiff has been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 218.6, 226.7, the applicable IWC Wage Orders, and Civil Code 3287.

## FIFTH CAUSE OF ACTION

## <u>FAILURE TO TIMELY PAY WAGES DUE AND PAYABLE DURING EMPLOYMENT</u>

### (By Plaintiff Against All Defendants)

99.    Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

100.   Labor Code section 204 requires that all wages are due and payable twice in each calendar month.

101.   The wages required by Labor Code §§ 226.7, 510, 1194 and other sections became due and payable to each employee in each month that he or she was not provided with a meal period or rest period or paid minimum wage, straight or overtime wages to which he or she was entitled.

102.   Defendants violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code.

103.   Labor Code section 210 (a) provides that "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follow:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

103.   As a result of the unlawful acts of Defendants, Plaintiff has been deprived of wages in amounts to be determined at trial, and is entitled to recovery of such amounts, penalties, plus interest thereon, attorneys fees, and costs, pursuant to Labor Code § 210, 218.5, 218.6, 510, 1194.

**SIXTH CAUSE OF ACTION**

**<u>FAILURE TO TIMELY PAY WAGES OWED AT SEPARATION</u>**

**(By Plaintiff Against All Defendants)**

104.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

105.   Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within seventy-two (72) hours of separation of employment.

106.   Section 203 of the Labor Code provides that if an employer willfully

fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

107.   Plaintiff is entitled to compensation for all forms of wages earned, including but not limited to minimum wages, overtime, and premium meal and rest period compensation, but to date has not received such compensation, therefore entitling them to <u>Labor Code</u> § 203 penalties.

108.   In addition, irrespective of any derivative violation, Defendant failed to timely pay Plaintiff earned compensation at the time of termination despite their obligations under Labor Code 201 and 202.

109.   More than thirty (30) days has passed since Plaintiff left Defendants' employ, and he has not received payment pursuant to <u>Labor Code</u> § 203.

110.   Plaintiff is thus entitled to 30 days' wages as a penalty under <u>Labor Code</u> § 203, together with interest thereon and attorneys' fees and costs.

**SEVENTH CAUSE OF ACTION**

**<u>FAILURE TO REIMBURSE NECESSARY EXPENSES</u>**

**(By Plaintiff Against All Defendants)**

111.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

112.   Labor Code § 2802 requires Defendants to indemnify Plaintiff for necessary expenditures incurred in direct consequence of the discharge of his duties.

113.   Plaintiff was required to incur expenses in the performance of  his assigned job duties, including but not limited to personal cell phone expenses.

114.   Upon information and belief, the Defendants did not reimburse Plaintiff for such expenses.

115.   As a result of the unlawful acts of Defendants, Plaintiff has been deprived of un-reimbursed sums in amounts to be determined at trial, and is entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees,

and costs, pursuant to Labor Code §2802.

## EIGHTH CAUSE OF ACTION

## <u>KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH</u>
## <u>ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS</u>

### (By Plaintiff Against Defendants)

116.   Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

117.   Labor Code section 226(a) reads in pertinent part: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions… (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during each the pay period and the corresponding number of hours worked at each hourly rate by the employee….".

118.   Further, the IWC Wage Orders require in pertinent part: Every employer shall keep accurate information with respect to each employee including the following: (3) Time records showing when the employee begins and ends each work period. Meal periods, split shift intervals, and total daily hours worked shall also be recorded…(5) Total hours worked in the payroll period and applicable rates of pay…."

119.   Labor Code section 1174 of the California also requires Defendants to maintain and preserve, in a centralized location, among other items, records showing the names and addresses of all employees employed and payroll records showing the

hours worked daily by, and the wages paid to, its employees.  On information and belief and based thereon, Defendants have knowingly and intentionally failed to comply with Labor Code section 1174, including by implementing the policies and procedures and committing the violations alleged in the preceding causes of action and herein.  Defendants' failure to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

120.   Defendants have failed to record many of the items delineated in applicable Industrial Wage Orders and Labor Code section 226, and required under Labor Code section 1174, including by virtue of the fact that each wage statement which failed to accurately compensate Plaintiff for all hours worked and for missed and non-provided meal and rest periods, or which failed to include compensation for all minimum wages earned or overtime hours worked, was an inaccurate wage statement.  In addition, the wage statements inaccurately stated totals hours worked and hours worked at each hourly wage rate.

121.   On information and belief, Defendants failed to implement and preserve a lawful record-keeping method to record all non-provided meal and rest periods owed to Plaintiff or all hours worked, as required for non-exempt employees under California Labor Code section 226 and applicable California Wage Orders.  In order to determine if they had been paid the correct amount and rate for all hours worked, Plaintiff was compelled to try to discover the required information missing from his wage statements and to perform complex calculations in light of the inaccuracies and incompleteness of the wage statements Defendants provided to them.

122.   As a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Plaintiff asserts the Defendant omitted required information, failed to accurately include all applicable hourly rates on the wage statements and the corresponding number of hours worked at such rates or hours paid at such rates.  In addition, Defendants have failed to provide accurate itemized wage statements as a consequence of the above-specified violations for misclassification, failure to

accurately pay all wages owed, accurately record all hours worked, and failure to pay meal and rest period premiums as required by law.

123.   Moreover, upon information and belief, as a pattern and practice, in violation of Labor Code section 226(a) and the IWC Wage Orders, Defendants did not maintain accurate records pertaining to the total hours worked for Defendants, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

124.   Plaintiff has suffered injury as a result of Defendants' failure to maintain accurate records in that he was not timely provided written accurate itemized statements showing all requisite information, and was misled by Defendants as to the correct information regarding various items, including but not limited to total hours worked by the employee, gross and net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

125.   Pursuant to Labor Code section 226, and in light of Defendants' violations addressed above, Plaintiff is entitled to recover up to a maximum of $4,000.00, along with an award of costs and reasonable attorneys' fees.

### NINTH CAUSE OF ACTION
### VIOLATION OF THE UNFAIR COMPETITION LAW
### By Plaintiff Against All Defendants

126.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

127.   Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, Defendants' competitors, and the general public.  Plaintiff also seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure § 1021.5.

128.   Defendants' policies, activities, and actions as alleged herein are violations of California law and constitute unlawful business acts and practices in violation of California <u>Business and Professions Code</u> §§ 17200, *et seq.*

129.   A violation of California <u>Business and Professions Code</u> §§ 17200, *et seq.*, may be predicated on the violation of any state or federal law.

130.   The state law violations, including violations of the relevant IWC Wage Orders, detailed herein above are the predicate violations for this cause of action.   By way of example only, in the instant case Defendants' misclassification of employees runs afoul of the mandates of the Labor Code (including LC 515 and 516).   Further, Defendants' policy of failing to lawfully provide Plaintiff with timely meal and rest periods or pay one (1) hour of premium pay when a meal or rest period was not lawfully provided violates <u>Labor Code</u> § 512, and § 226.7, and the IWC Wage Orders.   Defendants further violated the law through their policies of failing to fully and accurately compensate Plaintiff for all hours worked, including minimum wages and overtime, and failing to reimburse for necessary expenses, as well as failing to provide accurate itemized wage statement as specified above.

131.   Plaintiff has been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein by the loss of money and/or property.

132.   Pursuant to California <u>Business and Professions Code</u> §§ 17200, *et seq.*, Plaintiff is entitled to restitution of the wages withheld and retained by Defendants during a period that commences four (4) years prior to the filing of this complaint; an award of attorneys' fees pursuant to California <u>Code of Civil Procedure</u> §1021.5; interest; and an award of costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment against Defendants, jointly and severally, as follows:

### **On the First Cause of Action**

### (Failure to pay minimum wages)

1.     For the unpaid balance of the full amount of any minimum wages, and regular wages owed, as well as interest thereon,

2.     Penalties according to statute,

3.     Liquidated damages,

4.     Reasonable attorneys' fees, and costs of suit;

5.     For interest and

6.     For such other and further relief as the Court deems proper.

### **On the Second Cause of Action**

### (Failure to pay overtime)

1.     For the unpaid balance of the full amount of any overtime wages owed, as well as interest thereon,

2.     Penalties according to statute,

3.     Liquidated damages,

4.     Reasonable attorneys' fees, and costs of suit;

5.     For interest and

6.     For such other and further relief as the Court deems proper.

### **On the Third Cause of Action**

### (Failure to Provide Lawful Meal Periods)

1.     For one (1) hour of premium pay for each day in which a required meal period was not lawfully provided;

2.     For reasonable attorneys' fees and costs pursuant to statute; and

3.     For such other and further relief as the Court deems proper.

### On the Fourth Cause of Action

### <u>(Failure to Authorize and Permit Lawful Rest Periods)</u>

1. For one (1) hour of premium pay for each day in which a required rest period was not lawfully authorized and permitted; and

2. For reasonable attorneys' fees and costs pursuant to statute; and

3. For such other and further relief as the Court deems proper.

### On the Fifth Cause of Action

### <u>(Failure to Timely Pay Wages Due and Payable During Employment)</u>

1. For unpaid wages;

2. For penalties pursuant to <u>Labor Code</u> § 210 and 25% of the amount of wages unlawfully withheld;

3. For interest;

4. For reasonable attorneys' fees and costs pursuant to statute; and

5. For such other and further relief as the Court deems proper.

### On the Sixth Cause of Action

### <u>(Failure to Timely Pay Wages At Separation)</u>

6. For unpaid wages;

7. For penalties pursuant to <u>Labor Code</u> § 203;

8. For interest;

9. For reasonable attorneys' fees and costs pursuant to statute; and

10. For such other and further relief as the Court deems proper.

### On the Seventh Cause of Action

### <u>(Failure to Reimburse Necessary Expenses)</u>

1. For unreimbursed sums;

2. For reasonable attorneys' fees and costs pursuant to statute;

3. For interest; and

4. For such other and further relief as the Court deems proper.

AMENDED COMPLAINT

**<u>On the Eighth Cause of Action</u>**

<u>(Failure to Provide Accurate Itemized Wage Statements)</u>

1.    For statutory penalties, including penalties pursuant to Labor Code section 226;

2.    For reasonable attorneys' fees and costs; and

3.    For such other and further relief as the Court deems proper;

**<u>On the Ninth Cause of Action</u>**

<u>(Violation of the Unfair Competition Law)</u>

1.    That Defendants, jointly and/or severally, pay restitution and/or disgorgement of sums to Plaintiff for the Defendants' past failure to pay minimum, overtime and regular wages, for Defendants' past failure to reimburse necessary expenses, and for premium wages for meal and rest periods that were not provided according to proof;

2.    For reasonable attorneys' fees that Plaintiff is entitled to recover under California <u>Code of Civil Procedure</u> § 1021.5 and Labor Code section 1194, 1197, 1198 ;

3.    For pre-judgment interest on any unpaid minimum, regular and overtime wages due from the day that such amounts were due;

4.    For costs of suit incurred herein that Plaintiff is entitled to recover under the <u>Labor Code</u>; and

5.    For such other and further relief as the Court deems proper.

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff respectfully demands a jury trial in this matter to the fullest extent

3  available under the law.

4

5

6                          Respectfully submitted,

7

8

9  Dated: July 31, 2023            */s/ Christina M. Lucio*

10                              JAMES HAWKINS, APLC
                                James R. Hawkins, Esq.
11                              Christina M. Lucio, Esq.

12                              Attorneys for EDUAR MITCHELL

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 24 -

AMENDED COMPLAINT

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2023 I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, for the Central District of California using the CM/ECF system. All participants are registeredal CM/ECF users, and will be served by the CM/ECF system.

Dated: August 21, 2023          */s/ Christina M. Lucio*
                                Christina M. Lucio

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE